ANN RICHARDSON,         :
                                 :

         Plaintiff,       :

                                   :

v.                               : CASE No. 8:08-CV-1600-T-TGW

                                   :

MICHAEL J. ASTRUE,      :
Commissioner of Social Security,   :

                                   :

         Defendant.     :

_____ :

## O R D E R

       This cause came on for consideration upon the plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 25) filed by counsel for the plaintiff on March 23, 2009. Having considered the application, the defendant's response, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), the plaintiff shall be awarded $1,386.00 in fees to be paid by the defendant.

       The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security

income payments (Doc. 1). This matter was reversed and remanded to the Social Security Administration by order of this court dated December 22, 2008 (Doc. 23). Judgment was therefore entered in favor of the plaintiff (Doc. 24). The plaintiff then filed this application for attorney's fees under the EAJA (Docs. 25, 26).

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $1,417.66 (Doc. 25). This amount represents 8.4 hours of service before the court in 2008 and 2009 at an hourly rate of $168.77 by attorney Nora Leto (Doc. 26). The defendant has no objection to the amount of time spent on this matter, but does object to an hourly rate higher than $165.00 (Doc. 27).

There is no question that the plaintiff is a prevailing party. <u>See</u> <u>Shalala</u> v. <u>Schaefer</u>, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 8.4 hours for services performed in this case appears reasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant asserts that a cost of living adjustment merits raising the hourly rate typically awarded from $125.00 per hour to $168.77 per hour for work performed in 2008 (Doc. 26, p. 4). As indicated, the Government objects to an hourly rate above $165.00 (Doc. 27, p. 3). In this connection, I have found that hourly rates in excess of $165.00 for work performed in 2008 are unreasonable. See, e.g., Coffman v. Astrue, 8:07-CV-1416-T-TGW (M.D. Fla., Dec. 15, 2008)(Doc. 30, p. 4).

The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. The Commissioner did not object to these requests and I therefore accepted them without evaluation, despite the fact that there came a point when I questioned whether the fee requests were reasonable. As a consequence of these annual increases, the cap of $125.00 per hour has become a base of at least $165.00 per hour.

However, a rate exceeding $165.00 per hour for work done in 2008 clearly is unreasonable to award a lawyer who has prevailed in a Social Security case when the maximum rate for criminal defense lawyers defending capital cases in that year was $170.00 per hour. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a rate similar to that of a criminal defense attorney defending a capital case.

Therefore, as I have already done in other cases making a similar request, I will apply a rate of $165.00 per hour for work done in 2008, although that is only five dollars per hour less than was paid for work defending capital cases that year.* Accordingly, all of the 8.4 hours billed in this case will be awarded at a rate of $165.00, just slightly lower than the requested rate of $168.77, for a total of $1,386.00.

For the foregoing reasons, the plaintiff's Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 25) is hereby

---

*The plaintiff's attorney has not requested a higher rate for work performed in 2009. Consequently, the hourly rate will be the same for work performed in 2009.

**GRANTED.** The plaintiff is hereby awarded the amount of **$1,386.00** in attorney's fees to be paid by the defendant pursuant to the EAJA.

IT IS SO ORDERED.

DONE and ORDERED at Tampa, Florida, this _15th_ day of April, 2009.

Thomas G. Wilson

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE